In re Lamar McCARTNEY, Debtor.

Lamar McCARTNEY, Movant,

v.

INTEGRA NATIONAL BANK, NORTH Successor To McDowell National Bank, Respondent.

Bankruptcy No. 92–395E.
Motion No. 93–C&C–5.
Objection To Claim No. 6.

United States Bankruptcy Court,
W.D. Pennsylvania.

March 10, 1994.

Donald R. Calaiaro, Pittsburgh, PA, for debtor.

P. Raymond Bartholomew, Sharon, PA, for respondent.

## OPINION

WARREN W. BENTZ, Chief Judge.

### Introduction

Before the Court are cross-motions for summary judgment on Lamar McCartney's ("Debtor") objection to Claim No. 6 filed by Integra National Bank North, successor to McDowell National Bank ("Integra"). It appearing that there are no issues of material fact, the matter is ripe for decision.

### Facts

On September 26, 1989, Integra loaned Lamar's Restaurant & Lounge, Inc. ("Lamar's, Inc.") the amount of $80,000 (the "Loan"). This Loan involved participation by the Small Business Administration ("SBA"). At the time of the Loan, Lamar's, Inc. granted Integra a first mortgage upon real estate located at 140 Main Street, Greenville, Pennsylvania to secure the repayment of the Loan.

The Debtor guaranteed the indebtedness of Lamar's, Inc. to Integra. The guaranty was secured by a second mortgage lien on two parcels of real estate owned by the Debtor individually.

On May 1, 1992, the Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code. Following the filing of the bankruptcy Petition, the Debtor processed a sale Motion with regard to one of the two parcels owned individually by the Debtor. At the conclusion of the sale hearing conducted on August 7, 1992, the Debtor's Amended Chapter 13 Plan was interimly approved as an adequate protection order. During the August 7, 1992 hearing, it was discussed that Integra would proceed to sheriff's sale of Lamar's, Inc.'s property in November, 1992 which would enable the Debtor to determine the balance due Integra.

On October 15, 1992, Integra filed proof of claim No. 6 in the amount of $38,564.66 with regard to its second mortgage on the properties owned by the Debtor individually. The state court foreclosure sale of the Lamar's, Inc. property was held on November 2, 1992. Integra/SBA purchased the Lamar's, Inc. property at the sheriff's sale for costs and taxes. Integra/SBA resold the Lamar's, Inc. property in January, 1993 and now agrees that Claim No. 6 should be modified to show a deficiency balance owing of $29,683.14 plus interest and attorney's fees.

Neither Integra nor the SBA filed a Petition under the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103 within six months of the sheriff's sale.

### Assertions of the Parties

The Debtor asserts that Integra failed to comply with the Pennsylvania Deficiency Judgment Act, 42 Pa.C.S.A. § 8103 by failing to file within six months of the Sheriff's Sale a petition in the Court of Common Pleas to fix the fair market value of the Lamar's, Inc. property and that Integra's claim against Lamar's, Inc. is therefore released and satisfied. The Debtor further asserts that La-

mar's, Inc. is released and discharged from any deficiency and owes nothing, therefore, the Debtor as guarantor is also discharged from the guaranty of the underlying debt. Since the corporation owes nothing, the Debtor also owes nothing under the guarantee. The Debtor therefore requests summary judgment striking claim No. 6 in its entirety.

Integra asserts that it did not file a Petition under the Pennsylvania Deficiency Judgment Act within six months of the Sheriff's sale because (1) Lamar's Inc. owned nothing other than the property which was sold at sheriff's sale, with the result that a deficiency judgment against Lamar's, Inc. would be useless; (2) the Debtor, as guarantor of the debt of Lamar's, Inc., was a necessary party to the action and was protected against any state court proceedings by virtue of the automatic stay under 11 U.S.C. § 362, and Integra was barred from bringing the action, and (3) even if a state court deficiency proceeding is appropriate, the deadline for the initiation of such a proceeding has been suspended by virtue of 11 U.S.C. § 108(c).

Integra further asserts that all questions concerning deficiency claims against the Debtor are to be determined in this court under 11 U.S.C. § 506(a). Accordingly, Integra requests that the Debtor's Motion for Summary Judgment be refused.

In support of its cross-motion for summary judgment, Integra points to our order of December 9, 1993 which, *inter alia*, directed that neither party could utilize the testimony of a real estate expert at trial, unless, at least ten days prior thereto, a copy of such expert's written report has been served upon counsel for the opponent. By order of December 30, 1993, the trial was fixed for February 10, 1994.

Integra served Debtor's counsel a copy of its expert's report. The Debtor did not serve counsel for Integra with any expert report within ten days of the trial date. Integra asserts that it is entitled to summary judgment because the Debtor, having failed to serve Integra with an expert report, is precluded from challenging any of the calculations which led to the deficiency claim in question.

*Discussion*

Integra seeks to assert a claim against the Debtor for a deficiency amount which remains owing following Integra's sale of Lamar's, Inc.'s property. Absent bankruptcy, the usual method for obtaining and enforcing a deficiency judgment is to follow the procedure mandated by the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103.

The Deficiency Judgment Act provides in relevant part:

§ 8103. Deficiency judgments

(a) General rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

(b) Effect of failure to give notice.—Any debtor, obligor, guarantor, mortgagor, and any other person directly or indirectly liable to the judgment creditor for the payment of the debt, and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof or notice of the filing thereof as prescribed by general rule, shall be deemed to be discharged from all personal liability to the judgment creditor on the debt, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served....

. . .

(d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limita-

tion), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged....

. . .

42 Pa.C.S.A. § 8103 (Purdon, 1982).

■ Thus, where a mortgagee asserts a deficiency claim, he must file a petition in the state court within six months of the time of sale to fix the fair market value of the property sold. 42 Pa.C.S.A. § 5522(b)(2) (Purdon, 1981). In the absence of such a petition or in the absence of notice to any person affected by the filing and determination on such a petition, including guarantors, those parties are discharged of any obligation for the deficiency.

It is not disputed that Integra, during the pendency of the within bankruptcy case, pursued a foreclosure judgment against Lamar's, Inc. and proceeded with a sheriff's sale of the Lamar's, Inc. real estate at which Integra purchased the property. It is also not disputed that Integra failed to pursue a deficiency judgment against Lamar's, Inc., the primary obligor. This failure would warrant judgment for the Debtor under the Deficiency Judgment Act absent bankruptcy. *See Marine Midland Bank v. Surfbelt, Inc.,* 718 F.2d 611 (3d Cir.1983).

■ Integra first asserts that it did not pursue a deficiency judgment because Lamar's, Inc. owned nothing other than the property being sold. This argument is without merit. We assume that Integra often faces situations where its debtor owns little or nothing but the property being sold, yet if Integra has a guarantor liable on the obligation, it must still pursue a deficiency judgment against the debtor before it can collect a deficiency.

Integra asserts that the guarantor's bankruptcy intervened excusing Integra's failure to pursue a deficiency judgment because the Debtor is protected by the automatic stay which prevents acts against the Debtor and property of the Debtor.

■ The automatic stay does not preclude creditors from pursuing their right to payment from non-debtors. 11 U.S.C. § 362; *In re Advanced Ribbons and Office Products, Inc.,* 125 B.R. 259 (9th Cir. BAP 1991). Integra clearly recognized this as it pursued Lamar's, Inc. to foreclosure and sheriff's sale while this bankruptcy was pending. However, if Integra had proceeded further against Lamar's, Inc. to obtain a deficiency judgment, it would have been required by 42 Pa.C.S.A. § 8103(b) to name the Debtor as a respondent in the petition and serve him with a copy thereof or with notice. The object to be fulfilled by complying with the Deficiency Judgment Act by serving the petition or notice on the Debtor was precisely to take the next step in the Bank's collection effort against the Debtor. That next step was clearly prohibited by the automatic stay provisions of 11 U.S.C. § 362:

(a) ... a petition filed under ... this title ... operates as a stay ... of

(1) the commencement or continuation, including the issuance or employment of process ... to recover a claim against the debtor ...

11 U.S.C. § 362(a)(1)

To put the matter in perspective, if we assume, as Debtor suggests, that Integra could properly proceed with the deficiency judgment petition and name the Debtor therein, then the Debtor would have to appear in the Common Pleas Court to defend, at the same time his bankruptcy case was being heard. The precise purpose of § 362 was to centralize, in the bankruptcy court as the appropriate forum, all prebankruptcy civil claims against a debtor. Thus, it is clear that Integra was barred from the action

against Debtor which Debtor now says Integra should have undertaken.

 Debtor also seems to suggest that Integra could have or should have filed a petition for a deficiency judgment in Common Pleas Court against Lamar's, Inc. *alone.* However, under the plain terms of 42 Pa. C.S.A. § 8103(b), such a procedure would have released the Debtor as a guarantor, so that in the Debtor's bankruptcy case, Integra would have no sustainable claim; under that Act, the creditor only maintains his claim against the guarantor if the guarantor is made a party or served with notice, the obvious purpose of which is to allow the guarantor to defend his position. We cannot mandate that the creditor undertake a collection procedure in a state court which necessarily results in the forfeiture of an otherwise valid state law claim.

 The consequence of the automatic stay is, under 11 U.S.C. § 108(c), that the creditor has until 30 days after termination of the automatic stay in which to initiate its deficiency judgment action. Since the automatic stay is still in effect, and since Integra has filed a timely proof of claim, to which the Debtor objects, this Court may adjudicate the amount under 11 U.S.C. § 502 and § 506. Thus, the Debtor's Motion for Summary Judgment must be refused.

 Integra's Cross–Motion for Summary Judgment must also be refused. Even if the Debtor were precluded from using its own expert at trial, the Debtor would not be precluded from cross-examination of Integra's expert or from presenting other evidence. Further, the trial date having been delayed by the filing of the within cross-motions for summary judgment, it is our view that the time for the Debtor to serve Integra with an expert report should also be extended.

An appropriate order will be entered.

### ORDER

This 10th day of March, 1994, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. Lamar McCartney's Motion for Summary Judgment is REFUSED.

2. Integra National Bank, North, successor to McDowell National Bank's Cross–Motion for Summary Judgment is REFUSED.

3. Trial shall be held on April 12, 1994 at 1:45 p.m., in Courtroom C, U.S. Courthouse, Erie, Pennsylvania. One-half day has been reserved on the Court's calendar.

4. The Debtor may not utilize the testimony of a real estate expert at trial unless, at least ten days prior to trial, a copy of such expert's report shall have been served upon counsel for Integra.